# O'DONNELL v. FIRST NATIONAL BANK OF ROCK SPRINGS.

**Receivers, Appointment pendente lite—Jurisdiction.**

1. As a general rule, a receiver should not be appointed until after notice to the defendant or other interested parties.

2. The matter ·of notice is not jurisdictional. An order appointing a receiver is not void on account of the absence of notice, but, if made upon an insufficient showing to warrant the appointment without notice, merely erroneous, and subject to be vacated upon application.

3. The matter of appointing receivers *pendente lite* is one resting largely in the sound discretion of the court, and its action in the premises should not be set aside unless there appears to have been a plain abuse of judicial discretion.

4. A receiver may be appointed without notice *pendente lite* where there is imminent danger of loss, or great damage, or irreparable injury, or the gravest emergency.

5. The statute authorizing a receiver in an action to foreclose a mortgage, when the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt, and those facts being alleged in the petition, for the foreclosure of a chattel mortgage covering a meat market, and a mortgage covering the real estate npon which :the market was located ; and, in addition to the above facts, that the defendant mortgagor had been for fifteen days grossly intoxicated, so as to be unable to conduct his business, was squandering large sums of money, being the proceeds of the business, in riotous living, and that if the property was left in defendant's possession, the mortgaged property would be greatly injured, and the proceeds of sales would not be applied upon the mortgage, as required by the mortgage, and that unless a receiver should be appointed,• the plaintiff would be prevented from realizing sufficiently upon its security. *Held*, there was not an abuse of judicial discretion in the appointment of a receiver *pendente lite* without notice.

[Decided April 4, 1901.]

Error to the District Court. Sweetwater County, Hon. Jesse Knight, Judge.

A receiver *pendente lite* was appointed in this action brought to foreclose a real estate and a chattel mortgage given to secure the same sum of money. The defendant moved for the discharge of the receiver on the ground that no notice of the application had been given him. The motion was denied, and the defendant prosecuted error.

*D. A. Preston*, and *John H. Chiles*, for plaintiff in error.

Upon the facts in this case the judge was not authorized to appoint a receiver without notice to the defendant. (Beach on Receivers, Sec. 134 ; Smith on Receiverships, p. 14 ; State v. Wear, 33 L. R. A., 341 ; 20 Ency. L., 1st. ed., 24 ; Verplanck v. Mer. Ins. Co., 2 Paige, Ch. 438 ; Cleveland R. R. Co. v. Jewett, 37 O. St., 649 ; 64 Am. Dec., 483, note ; Wardle v. Townsend, 4 L. R. A., 511 ; *Re* Belton, 47, La. Ann., 1614 ; 30 *id.*, 649 ; State v. Superior Court, 15 Wash., 668 ; High on Receivers, Sec. 111 ; *id.*, 112 ; Larson v. Winder, 14 Wash., 109 ; State v. Winder; 44 Pac., 125.) The order should have been vacated on the defendant's motion. (Smith, 69 ; Bank v. Griffith, 10 Paige Ch., 519 ; Beach, 794.)

No appearance for defendant in error.

POTTER, CHIEF JUSTICE.

One question only is presented in this case, viz.: The authority of the district court or judge to appoint a receiver *pendente lite*, without notice to the defendant.

On September 20, 1897, the First National Bank of Rock Springs filed its petition in the district court of Sweetwater County, for the recovery of $5,800, and interest due upon certain promissory notes, and the foreclosure of a real estate mortgage and a chattel mortgage given to secure the payment of said indebtedness. September 21, 1897, summons was duly issued in the action. On the same day, pursuant to a prayer therefor in the

petition, a receiver *pendente lite* was appointed to take possession of the mortgaged property, and all books of accounts containing the account of sales of the mortgaged chattel property, with authority to collect the accounts, and to hold all moneys so collected and all property coming into his hands subject to the orders of the court.

October 1, 1897, the defendant, appearing specially, moved the discharge of the receiver upon the sole ground that no notice of the application for a receiver had been served upon him. An affidavit of defendant was attached to the motion showing that he had received no notice of the application, and that on the day the petition was filed, he was in the county all day, until evening, when he went to Diamondville, in Uinta County, returning September 23 ; that upon his return he found in possession of a member of his family, the summons and order appointing the receiver. The order was made by the judge, in his district, but at Evanston, in Uinta County. Evanston and Diamondville, it may be remarked, are widely separated, considering the ordinary means of travel to reach the one place from the other. None of the facts set up in the petition as reasons for a receiver were denied or adverted to in the motion or affidavit attached thereto. No evidence other than the motion and affidavit was produced or heard upon the application to vacate the appointment. The motion was denied, to which defendant excepted, and he prosecutes error.

Our statute regulating the appointment of receivers is silent upon the subject of notice. As a general rule, a receiver should not be appointed until after notice to the defendant or other interested parties. In Smith on Receiverships the rule is stated as follows : "The court will not appoint a receiver until the defendant, or party in possession of the property, has been heard, or has had an opportunity to be heard, in response to the application." Sec. 5, p. 14. See also 17 Ency. Pl. & Pr., 717. But there are certain well-defined exceptions to that rule, which are thus summarized by the author

above named : (1) Where the appointment is prayed for as a measure of final relief. (2) Where all parties are before the court consenting to the appointment. (3) Where the defendants, or parties in interest, have absconded, or are beyond the jurisdiction of the court, or cannot be found. (4) Where there is imminent danger of loss, or great damage, or irreparable injury, or the gravest emergency. Smith on Receiverships, pp. 16, 17 ; 17 Ency. Pl. & Pr., 719, and cases cited ; Railway Co. v. Jewett, 37 O. St., 649 ; Dwelle v. Hinde, 18 O. Cir. C., 618.

The statute authorizes a receiver in an action to foreclose a mortgage, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt. R. S., Sec. 4054. The petition in this case alleged the nonperformance of the conditions of the mortgage, and the insufficiency of the property to discharge the indebtedness.

It is clear that the question raised is not jurisdictional. The order would not be void on account of the absence of notice ; but, if made upon an insufficient showing, merely erroneous, and subject to be vacated on application. Neeves v. Boos, 86 Wis., 313 ; Dwelle v. Hinde, 18 O. Cir. C., 618. Although the motion stated but one ground for the discharge of the receiver, viz., no notice to defendant, it probably presented to the district court, and presents to this court, the question whether the facts alleged for the appointment were sufficient to authorize it, without affording defendant an opportunity to be heard in the first instance. At the outset, it may be remarked, the matter of appointment of receivers *pendente lite* is one resting largely in the sound discretion of the court ; and the action of the court in the premises should not be set aside unless there appears to have been a plain abuse of judicial discretion.

By reference to the petition and exhibits attached to

it, it appears that the chattel mortgage covered a meat market conducted by the defendant, who was the mortgagor, and all the meats and stock of goods then on hand or thereafter in the market during the continuance of the mortgage, as well as the tools and fixtures therein; the slaughterhouse used in connection therewith, and the cattle, hogs, poultry, and sheep owned and used in said business. It was expressly stipulated that the mortgagor should carefully conduct said business, and his doing so was made a condition, among others, of his right to retain possession of the property. Should the conditions of the mortgage be not performed, or the mortgagor be negligent in the conduct of the business, the mortgagee was given a right to take immediate and full possession, and sell the mortgaged property. Although the mortgagor was expressly permitted to continue the business, the proceeds of all sales were to be applied upon the mortgage indebtedness, excepting such sums as should be necessary to defray the expense of running the business, replacing goods sold with others, and paying the living expenses of the mortgagor and his family.

In addition to the basic allegation for the appointment of a receiver already alluded to, the following facts were alleged in the petition and sworn to positively: That the defendant had made credit sales of a part of the mortgaged chattels, an account of which was kept in books of account kept in the course of his business by the defendant and then in his possession; that divers persons were indebted for the goods so sold; that for fifteen days defendant had been grossly intoxicated so as to be unable to conduct his business, and, while so intoxicated, was squandering large sums of money, being the proceeds of sale of the mortgaged chattels, in riotous living. It was averred that, if left in defendant's possession, the mortgaged property would, for the reasons aforesaid, be greatly injured, the proceeds of sales would not be applied upon the debt as required by the mortgage; and unless a receiver should be appointed the plaintiff would be prevented from realizing sufficiently upon its security.

It is evident that the special facts above mentioned were incorporated in the petition, to show a necessity for an immediate appointment of a receiver, and without notice. It would not be difficult to suggest cases where notice would tend to destroy the very object designed in asking for a receiver. The plaintiff, under the chattel mortgage, was entitled to immediate possession of the personal property. The defendent was not only violating his agreement to carefully manage the business, and apply the proceeds of sales upon the debt, but was grossly intoxicated, as alleged, and frittering away the proceeds of sales in riotous living. Considering the nature of the property, the condition of the defendant, and the character of his conduct, together with his obligations under the mortgage, we are not prepared to say that there was not such an emergency as to authorize the court to interpose upon *ex parte* application, and appoint a receiver, leaving the defendant to move for a vacation of the order, should he wish to controvert the averments of the petition. He did move to discharge the receiver, but did not deny the allegations of the petition. We are unable to conclude that, upon those facts, there occurred an abuse of judicial discretion in acting without notice. In view of the alleged conduct of defendant, the judge may well have considered it unsafe to delay the matter until a hearing could be had upon notice. At least it can hardly be said that there was such an abuse of judicial discretion as to require an appellate court to set aside the appointment. The record before us contains nothing showing the subsequent disposition of the case. Whether either party has obtained final judgment upon the merits we are not informed. Whether the property has been disposed of, or whether the receiver still remains in possession. is not disclosed.

We have had some doubt as to the necessity for a receiver without notice with respect to the real property. The motion and affidavit of defendant did not distinguish between the two classes of property, and we are left to that which appears in the petition as to that matter. It

appears that the market was located upon the premises covered by the realty mortgage, and the realty and personalty were doubtless used in connection with each other; and it may be that the receiver would have been impeded in the execution of his powers had the real property not been given into his custody together with the other property. No point is made by counsel as to the real property as distinguished from the other. In view of all the facts, upon the matter before us, we are not inclined to order any modification of the order or to disturb it in any way. The order appealed from will be affirmed.

*Affirmed*

CORN, J., concurs.

KNIGHT, J., having decided the case below, did not sit.