THE STATE OF INDIANA, EX REL. BALTIMORE AND
OHIO SOUTHWESTERN RAILROAD COMPANY,
*v.* DALY, JUSTICE OF THE PEACE.

[No. 21,646.  Filed January 10, 1911.]

1. PLEADING.—*Answer. — General Denial..— Evidence Admissible under.*—Under the general denial, a defendant is not confined to mere negative proof in denial of the facts alleged, but he may introduce proof of facts independent of, and inconsistent with, those alleged in the complaint.  p. 111.

State, ex rel., v. Daly—175 Ind. 108.

2. PLEADING.—*Answer.*—*Argumentative Denial.* — *Overruling Demurrer to.*—The overruling of a demurrer to an argumentative general denial does not constitute error. p. 111.

3. JUSTICES OF THE PEACE.—*Appeal from.*—The right of appeal from a judgment of a justice of the peace is purely statutory; and a party appealing from such a judgment must comply with the statutes granting the right. p. 111.

4. MANDAMUS.—*Approval of Appeal Bond by Justice of the Peace.* —To mandate a justice of the peace to approve an appeal bond it must be clearly shown that the bond tendered is sufficient in all respects and that it is the imperative duty of the justice to approve it. p. 112.

5. JUSTICES OF THE PEACE.—*Defective Appeal Bonds.*—*Mandamus.* —A justice of the peace cannot be mandated to approve an appeal bond having no fixed penalty, where he had granted an appeal conditioned upon the filing of an approved bond with a penalty of $100, the statute curing defective bonds (§1278 Burns 1908, §1221 R. S. 1881) having no application to such a bond offered, but not accepted, on appeal from a justice of the peace. p. 112.

6. APPEAL.—*Right Result.*—Where the judgment appealed from was right, it will be affirmed. p. 112.

From Scott Circuit Court; *Joseph H. Shea,* Judge.

Action by The State of Indiana, on the relation of the Baltimore and Ohio Southwestern Railroad Company, against William H. Daly, as Justice of the Peace for Brownstown Township of Jackson County. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Edward Barton, R. S. Alcorn, S. B. Wells* and *McMullen & McMullens,* for appellant.

*Kochenour & Prince,* for appellee.

Cox, J.—On September 11, 1908, a judgment for $19, together with costs, was rendered by appellee; then a justice of the peace of Jackson county, having jurisdiction of the cause, against appellant. Thereupon, at the request of appellant, the penalty for an appeal bond was fixed by appellee at $100. On October 5, 1908, an appeal bond, with no penalty named therein, but otherwise sufficient in form and properly executed, was left with a clerk at the office of appellee, in his absence, by an attorney for appellant, who directed the clerk

to call appellee's attention to it. Appellee was a blind man, and when he came in after the departure of appellant's attorney said clerk read the bond to him, and he directed her to mark it "filed," but declined to accept and approve it, because of the defect stated. In a few days thereafter— as to whether before or after the expiration of the time for appealing, the evidence conflicts—appellee informed appellant's attorney of his disapproval of the bond and the reason for it.

On October 22, 1908, appellant filed in the Jackson Circuit Court a petition for a writ of mandate to require appellee "to approve said bond, to grant an appeal, and to make a proper transcript of said cause and proceedings, and to certify it to the circuit court."

The issuing of an alternative writ was waived by appellee's appearing and answering. To an amended petition, which set out the defective bond, appellee answered by a general denial, and with a second paragraph, which is an argumentative denial. A demurrer to this latter paragraph of answer was overruled, and appellant filed a reply of general denial, and so the issue was formed.

Subsequently, appellant asked and was granted a change of venue, and the cause was sent to the Scott Circuit Court, where a trial by court was had, and a finding announced that appellant was not entitled to a mandate against appellee to approve the bond in question.

A motion for a new trial was filed by appellant and overruled, and a judgment which followed the finding was rendered.

Appellant has assigned errors as follows: (1) In overruling appellant's demurrer to the second paragraph of answer; (2) in overruling appellant's motion for a new trial. The reasons assigned for a new trial were that the decision of the court was not sustained by sufficient evidence and that it was contrary to law.

There was no error in overruling the demurrer to the second

paragraph of answer. Under an answer of general denial, a defendant is not confined to mere negative proof in 1. denial of the facts alleged in the complaint as the cause of action, but may introduce proof of facts independent of and inconsistent with those alleged in the complaint, and which tend to meet and defeat the cause of action set up. All the material facts averred in his second 2. paragraph of answer appellee would have been entitled to prove under his general denial. It is not error to overrule a demurrer to an answer which is merely an argumentative denial. *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521, 526; *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648.

It cannot be said that the decision of the trial court is not sustained by the evidence, or that it is contrary to law. Appellant had no natural, inherent right to appeal from 3. the judgment rendered against it by appellee. The right of appeal from the judgment of a justice of the peace did not exist at common law; it is given only by statute, and must be measured thereby. Appellant's rights, and what was required of it to entitle it to appeal from the judgment of the justice, are shown by the following statutory provisions:

"Any party may appeal from the judgment of any justice * * * within thirty days from the rendition thereof." §1790 Burns 1908, §1499 R. S. 1881. "The appellant shall * * * file with the justice a bond with security to be approved by the justice, * * * in a sum sufficient to secure the claim of the appellee and interest and costs." §1791 Burns 1908, §1500 R. S. 1881. The form of such a bond presented by and set out in §1863 Burns 1908, §1571 R. S. 1881, indicates, if it does not indeed require, that a penalty of double the amount of the judgment and costs shall be named therein.

To secure the right, one seeking to appeal must bring himself clearly within the statute by complying with its require-

ments. 26 Am. and Eng. Ency. Law (2d ed.) 671, 672; *State v. Johnson* (1898), 21 Ind. App. 313; *Boyd* v. *Brazil Block Coal Co.* (1900), 25 Ind. App. 157; *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510.

The rule stated applies with even greater force to one who seeks, as does appellant here, the aid of an extraordinary remedy to secure a claimed statutory right. Appellant 4. could invoke and receive the aid of the writ of mandate only by showing that he had a clear legal right to have the bond tendered, approved, and that it was the imperative duty of appellee to approve it. 19 Am. and Eng. Ency. Law (2d ed.) 858; *City of Auburn* v. *State, ex rel.* (1908), 170 Ind. 511; *State, ex rel.,* v. *Cummins* (1908), 171 Ind. 112; *Town of Windfall City* v. *State, ex rel., supra; State, ex rel.,* v. *Winterrowd* (1910), 174 Ind. 592.

Neither appellant's petition for the writ, nor the evidence given in the cause, shows the high measure of right required. They cannot be aided, as the appellant contends, by 5. the statute curative of bonds, for the bond was not approved by the justice. §1278 Burns 1908, §1221 R. S. 1881. It is apparent from the record that the cause was fairly tried and determined on its merits in the court 6. below, and we are required to affirm it.

Judgment affirmed.