## CAMPBELL, RECEIVER, v. MARYLAND CASUALTY COMPANY OF BALTIMORE, MARYLAND.

[No. 7,374. Filed March 29, 1912. Rehearing denied June 20, 1912 Transfer denied January 23, 1913.]

1. INSURANCE. — *Action on Policy.* — *Proof.* — *General Denial.* — Where, in an action on an employer's liability policy, it is essential to a recovery by plaintiff that he allege and prove payment of a judgment against him in favor of the employe, it may be shown under the general denial that such payment was not in good faith and that the money claimed to have been paid was advanced by the agents and attorneys of the employe and had since been returned to them. p. 231.

2. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— Overruling a demurrer to an answer is harmless where the facts alleged are provable under the general denial. p. 231.

3. INSURANCE.—*Employer's Liability Insurance.*—*Indemnity Contract.*—*Proof.*—In an action on an employer's liability policy, if the contract is one to indemnify against loss, plaintiff must show a damage before he can recover. p. 231.

4. INSURANCE. — *Employer's Liability Insurance.* — *Insurance Against Liability.*—*Right of Action.*—Where an employer's lia-

bility policy is a contract to protect the assured against liability merely, an action may be brought and recovery had thereon as soon as the liability is legally imposed, regardless of whether any actual loss or damage has been suffered. p. 231.

5. INSURANCE.—*Employer's Liability Insurance.—Construction of Policy.—Insurance Against Liability.*—Where an employer's liability policy stated that the company agreed to indemnify the assured against loss from liability for damages on account of bodily injuries to an employe caused by the negligence of the assured, and provided that no action should lie against the company unless brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue, the language indicates an intention to indemnify against loss only; but, when construed in connection with a rider providing that the policy should "only cover losses sustained by and liabilities for any claims against the assured as a result of the risk specified in the contract," the policy insured against liability as well as against loss and the employer could recover thereon without showing an actual loss. p. 232.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Action by Joseph H. Campbell, receiver of the Clear Creek Stone Company, against the Maryland Casualty Company of Baltimore, Maryland. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*J. E. Henley* and *R. H. East*, for appellant.

*Duncan & Batman* and *Miller, Shirley & Miller*, for appellee.

LAIRY, J.—Appellant brought this action to recover on an employer's liability policy of insurance issued by appellee to the Consolidated Stone Company and assigned to the Clear Creek Stone Company, of which appellant is receiver. There was a trial resulting in a judgment for appellee, from which this appeal is taken.

The Clear Creek Stone Company at the time of the assignment of said policy was a corporation engaged in operating a stone-quarry, and, during the time such policy was in force, employed a number of men, among whom was Frank Carmichael. While so employed and during the life

of such policy Frank Carmichael received an injury to his person, for which he brought suit aganst the Clear Creek Stone Company, and recovered a judgment in the sum of $2,500, which was appealed, and finally affirmed by the court of last resort. Before said judgment was affirmed the Clear Creek Stone Company became insolvent and passed into the hands of a receiver. All the assets of said company were taken under a foreclosure of mortgage, and no property or other assets of said company ever came into the hands of the receiver. The receiver brought this action to recover on the policy issued by appellee for the amount of the Carmichael judgment and interest. The complaint avers that the receiver under the order of the court borrowed money and paid the Carmichael judgment before the commencement of the action.

The third paragraph of answer admits the execution of the policy sued on and its assignment to the Clear Creek Stone Company with the consent of appellee, but it avers that, long before the Carmichael judgment was affirmed the Clear Creek Stone Company became insolvent, and that it possessed no assets from which its receiver could pay such judgment; that such judgment was not paid in good faith by the receiver or by the Clear Creek Stone Company, but that the money with which the pretended payment was made was furnished and procured by and through the agents and attorneys of Carmichael for the purpose of being paid to the clerk of the Brown Circuit Court, and that said clerk was thereby induced to enter a formal satisfaction of said judgment, after which the money was turned over to Carmichael's attorneys, who receipted to the clerk therefor, and returned said money to the person who had advanced it to the receiver. A demurrer for want of sufficient facts was filed to this paragraph of answer, which demurrer was overruled, and this ruling is assigned as error.

The facts stated in this paragraph of answer show that the Carmichael judgment was not paid in good faith before

the commencement of this action. If it is necessary to a recovery by plaintiff that he should allege and prove that the judgment on which he bases his claim or some part of it has been paid, then the facts alleged in this paragraph of answer could have been properly proved under the general denial, and a ruling on demurrer, if wrong, would be harmless. *Good* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251, 66 N. E. 742; *State* v. *Hindman* (1903), 159 Ind. 586, 65 N. E. 911.

If the policy sued on is a contract to indemnify against loss, it is necessary to show a damage before there can be a recovery. *Carter* v. *Aetna Life Ins. Co.* (1907), 76 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.) 1151; *Allen* v. *Aetna Life Ins. Co.* (1906), 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; *Connolly* v. *Bolster* (1905), 187 Mass. 266, 72 N. E. 981. On the other hand, if the policy sued on is a contract to protect the assured against liability merely, an action may be brought and a recovery had as soon as the liability is legally imposed, regardless of the question as to whether any actual loss or damage has been suffered. *Fenton* v. *Fidelity, etc., Co.* (1899), 36 Or. 283, 56 Pac. 1096, 48 L. R. A. 770; *Anoka Lumber Co.* v. *Fidelity, etc., Co.* (1895), 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689.

The distinction observed between contracts to indemnify against loss and contracts to protect against liability is recognized by practically all the cases cited. The decision of this case must depend on the meaning of the policy sued on. If this policy is to be construed as a contract to indemnify the assured against loss, then the judgment of the trial court is correct; but if it is to be construed as a contract to protect against liability, then the judgment is erroneous and must be reversed. The contract must speak for itself. In the body of the policy appellee agreed to indemnify the assured for the period of twelve months against loss from common-law or statutory liability for damages

on account of bodily injuries, fatal or non-fatal, accidentally suffered by an employe or employes of the assured while on duty, caused by the negligence of the assured. On the reverse side of the policy is printed a number of conditions, one of which is as follows: No. 8. "No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. * * *."

5. The language quoted from the body of the policy, as well as the language of provision No. 8, heretofore set out, would seem to indicate that the purpose of the contract was to indemnify the assured against loss and not to protect it against liability. A number of cases has been called to the attention of the court in which policies containing similar provisions to those quoted have been construed and held to be contracts for indemnity against loss. *O'Connell* v. *New York, etc., R. Co.* (1905), 187 Mass. 272, 72 N. E. 979; *Allen* v. *Aetna Life Ins. Co.*, supra; *Carter* v. *Aetna Life Ins. Co.*, supra; *Stenbom* v. *Brown-Corliss Engine Co.* (1909), 137 Wis. 564, 119 N. W. 308; 20 L. R. A. (N. S.) 956.

The case of *Sanders* v. *Frankfort Marine, etc., Co.* (1904), 72 N. H. 485, was one in which a policy containing similar provisions was construed, and held to constitute a contract for protection against liability, but this case seems to be out of line with the current of authority, and we are not inclined to follow it.

If the contract in question were to be construed solely from a consideration of the provisions heretofore referred to, and in the light of the authorities cited, we should have no doubt as to its meaning; but the policy in this case carries a slip or rider, which, to the mind of the court, materially affects its meaning. The slip referred to is as follows: "This policy shall only cover losses sustained by

and liabilities for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached, and is issued and accepted upon the condition that all the provisions printed on the slip, or slips attached to this policy are accepted and shall be fulfilled by the assured as part of this contract as fully as if they were recited at length over the signatures hereto affixed.''

In attaching this slip to the policy, the parties no doubt intended to modify in some manner the force and effect of the language of the policy. This slip seems to have the effect so to modify the body of the policy and condition No. 8 as to make the policy cover not only *losses sustained by the assured,* but also *liabilities for any claims against the assured.* If the language of the slip is to be given any meaning at all, it must have the effect stated; and it certainly will not be presumed that the parties took the trouble to attach a slip to the policy without intending thereby to change its effect. By virtue of the slip, the policy sued on was made to cover liabilities against the assured as well as losses. The plaintiff may recover on this policy under the authority of the cases cited without showing an actual loss. It is sufficient if he show that a liability has become legally fixed.

Judgment reversed, with directions to grant a new trial and to sustain a demurrer to the third paragraph of answer.

Felt, C. J., Myers, Hottell and Ibach, JJ., concur, Adams, J., dissents.

## DISSENTING OPINION.

ADAMS, J.—I am unable to join my associates in holding the contract sued on to be one of insurance against liability as well as against loss. I am thus impelled, not from any erroneous statement of the law contained in the majority opinion, but from a fair construction of the provisions of the policy itself, and the slip attached thereto. The policy

is clearly one of insurance against loss, and does not raise a liability against appellee until there has been a loss to the assured.

By condition No. 8 it is expressly provided that no action shall lie unless brought by the assured himself to reimburse him for loss actually sustained and paid. This slip is shown to have been attached to the policy four days after its execution, and must be considered in connection with the policy. Manifestly it is not a separate contract of insurance in itself, although the majority opinion gives it that effect.

To hold that the slip by its terms enlarges the engagements of appellee would be doing violence to the plain meaning of its words, which imply a limitation, rather than an enlargement of appellee's liability on its contract of insurance. The slip provides that "this policy shall *only* cover losses sustained by and liabilities for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached." What is the risk specified in the contract attached? Undeniably it is the risk arising from a loss, which is the only risk assumed.

As I read the policy, with the conditions attached, it is not one for liability insurance, and the reference to liability set out on the slip can have no meaning or application, unless it is held to raise a new and different contract between the parties, and one wholly at variance with the terms of the policy.

In my opinion, the judgment should be affirmed.

NOTE.—Reported in 97 N. E. 1026, 1028. See, also, under (2) 31 Cyc. 358; (3, 4) 25 Cyc. 224 f. Anno.; (5) 25 Cyc. 224 d. Anno.