## CAMPBELL *v.* PUGSLEY ET AL.

[No. 10,127.  Filed January 6, 1920.  Rehearing denied April 2, 1920.  Transfer denied May 13, 1920.]

1.  APPEAL.—*Pleading.*—*Facts Provable Under General Denial.*— *Error in Ruling on Other Paragraphs of Answer Harmless.*— Where the general denial is pleaded, error, if any, in overruling a motion to make another paragraph of answer more specific and in overruling a demurrer thereto, is harmless. p. 308.

2.  NEW TRIAL.—*Reasons Not Authorized by Statute.*—*No Question Presented.*—Reasons incorporated in a motion for new trial that are not authorized by statute, present no question. p. 308.

3.  APPEAL.—*Evidence.*—*Review.*—The Appellate Court will not reverse a case upon the evidence if there is any evidence tending to support the decision.  p. 308.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Martin Campbell against Ashford Pugsley and others.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*George H. Koons, George H. Koons, Jr.* and *Gay R. Estabrook,* for appellant.

*Joseph G. Leffler, Walter L. Ball* and *Albert E. Needham,* for appellees.

NICHOLS, C. J.—This is an action by appellant against appellees to set aside a deed to eighty acres of land, to declare a constructive trust therein and to quiet title thereto, which land was as alleged fraudulently obtained from him by appellees without consideration immediately after the death of his wife, and while he was in deep distress of mind and in deep sorrow and under great nervous strain and bewilderment of mind.

The complaint is in four paragraphs.  The first paragraph alleges in substance that appellees were step-

sons of appellant, being the children of a former marriage of Barbara Campbell, the deceased wife of appellant. Appellant and said Barbara Campbell lived together as husband and wife for about forty years, until the death of said wife, and at her death and thereafter for a long time he was frantic with grief and sorrow. He was sixty years old and broken up and distracted in mind. He was illiterate and could not read nor write, and was unfit for the transaction of business of any kind, which the appellees knew at the time of such conveyance. They had great influence over him and he had confidence in them, and, knowing of such confidence, they conspired and confederated together for the purpose of getting title to such real estate. Appellant was then the owner in fee simple and in possession of said real estate, and appellees represented to appellant that they were advised that, as he was without kindred, in case of his death his said real estate would .go to the state, which representation was false and they well knew it, and they so persistently advised, importuned, persuaded, and urged him to deed said real estate to them that he agreed so to do, reserving to himself a life estate therein, and they agreed with him to reconvey said real estate to him upon demand by him therefor, if he should become dissatisfied. Appellant relied upon the good faith and integrity of appellees and conveyed said real estate to them as aforesaid by quitclaim deed, reserving a life estate to himself, but appellees then and there deceitfully and secretly intended to obtain the title to the real estate, and not to reconvey the same to him upon demand as aforesaid. There was no consideration for such conveyance. On March 2, 1916, appellant requested appellees to reconvey said real estate to him, which they refused to do, and still refuse so to do. The deed by appellant to appellees was filed for record on February 26, 1914, and appellant paid the

recording fee therefor.   Appellant has continued in possession of said real estate and paid the taxes thereon. The second paragraph of complaint, in its facts, is substantially the same as the first.   The third is a paragraph in common form to quiet title.   The fourth paragraph is in its facts substantially the same as the first, with the additional averments that the plaintiff had signed the deed by mark, being illiterate and unable to read or write, that the deed was not read over to him or in his presence, that he believed the agreement to reconvey to him upon his request to be a part of the deed, but that such provision was not written in the deed.

Appellees filed their answer to the complaint in two paragraphs, the first being a general denial, and the second averring that during the lifetime of their mother, who was the wife of the appellant, she received as an heir from the estate of her relatives more than $2,500, which she expended in living expenses for herself and husband, and in paying for the real estate described in the complaint, which real estate was afterward deeded by appellant to appellees; that before her death she and the appellant agreed that the land in controversy should at her death be deeded by appellant to appellees so that appellees would be the owners thereof at appellant's death, and that appellant made and executed a deed to said real estate, reserving a life estate in the same to himself in pursuance of said agreement with his said wife and not otherwise, and appellees deny that they, or either of them, made any of the representations to the appellant as set out in his complaint, or that they agreed with him to reconvey said real estate.

The motion to make this paragraph of answer more specific was overruled.   Appellant then filed a demurrer to the second paragraph of answer, which was overruled; thereupon appellant filed his reply to such para-

graph of answer in general denial.    The cause was submitted to the court for trial.    There was a general finding for appellees.    Appellant filed his motion for a new trial, which was overruled, and judgment was rendered in favor of the appellees.    The appellant now prosecutes this appeal.

The errors assigned that are presented are:    (1) Overruling appellant's motion to make the second paragraph of answer more specific; (2) overruling appellant's demurrer to the second paragraph of answer; (3) overruling appellant's motion for a new trial.

There was no available error in overruling appellant's motion to require appellees to make the second paragraph of answer more specific, nor in overruling
1. appellant's demurrer to such second paragraph of answer.    The facts averred in said second paragraph of answer, which was but an argumentative denial, were provable under the first paragraph of answer, which was a general denial.    Such being the case, errors, if any, in overruling appellant's motion and appellant's demurrer were harmless.    *Goode* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251, 253, 66 N. E. 742; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 580, 94 N. E. 236; *Campbell* v. *Maryland Casualty Co.* (1913), 52 Ind. App. 228, 231, 97 N. E. 1026; *State, ex rel.* v. *Daly* (1911), 175 Ind. 108, 93 N. E. 539.

The motion for a new trial in this case presents thirty-eight reasons therefor and covers fifty-three pages of appellant's brief.    The first four and the seventh,
2-3. not being authorized by statute, present no question.    The fifth and sixth challenge the decision of the court as not being sustained by sufficient evidence, and as being contrary to law.    The evidence as given at the trial of the cause covers about 740 pages of the transcript.    The principle that the court will not reverse a case upon the evidence, if there is any evidence

tending to support the decision of the trial court, is so well established that it is not necessary for us to cite authorities sustaining it. We have examined the evidence and deem it wholly unnecessary to go into its details. It is sufficient for us to say that the evidence fully sustains the decision of the court.

We have carefully examined each of the other causes for a new trial, all of which pertain to the ruling of the court on the admissibility of evidence, and we hold that the court committed no error in his rulings. Nothing would be gained by further discussion. The judgment is affirmed.