## BURTON v. BURTON ET AL.

[No. 11,098.    Filed January 26, 1922.]

1. APPEAL.—Review.—Harmless Error.—Overruling Demurrer to Paragraph of Answer.—Error, if any, in overruling a demurrer to a paragraph of answer was harmless, where the evidence admissible under such paragraph was admissible under defendant's general denial. p. 437.

2. APPEAL.—Review.—Fair Trial of Merits.—Disregard of Intervening Errors.—Statutes.—Under §700 Burns 1914, §658 R. S. 1881, where the merits of the cause have been fairly tried, intervening errors, if any, cannot prevail. p. 438.

From Lawrence Circuit Court; James A. Cox, Judge.

Action by Nellie Burton against Alexander Burton and others. From a judgment for defendants, the plaintiff appeals. Affirmed.

*Shirts & Talbott* and *Giles & Doman,* for appellant.
*John H. Edwards* and *Albert J. Fields,* for appellees.

NICHOLS, J.—This action was by appellant against
appellees to recover damages for the alleged alienation
of the affections of appellant's husband.

.The errors assigned are: (1) The court's action in
overruling appellant's demurrer to the second paragraph
of answer; (2) the court's action in overruling the mo-
tion for a new trial.

The second paragraph of answer is, in substance, that
appellees separately, severally and jointly at all times
acted as brothers and sisters honestly and in good
faith and with a sincere desire to promote the
welfare, health and happiness of their brother,
appellant's husband, and at all times acted without
malice or ill will toward appellant or toward any other
person or persons, and without any intent, desire or
purpose to influence said husband in his relationship
with appellant, and without any intent, purpose or de-
sire to alienate the affections of said husband of appel-
lant, and without any intent, purpose or desire to de-
prive appellant of the consortion of her said husband,
and without any intent, purpose or desire to deprive the
said husband of any of his property or appellant of any
of her husband's property, or the enjoyment thereof.

Appellant in her propositions treats such second para-
graph of answer as a plea in confession and avoidance,
and cites authorities to that effect, but in her memo-
randa to her demurrer she does not so treat it. She
there says that such second paragraph is no more than a
denial of the complaint, if that. In this statement we
think she has well spoken. The bad faith of appellees
is averred in the complaint, wherein it is alleged that
appellees unlawfully, wrongfully and maliciously in-
spired appellant's husband with hatred and ill will

toward her, and that as a result they did completely alienate his affections for her, and that they did wickedly and maliciously induce and persuade him to leave her and his said home, and that they did take him from his home to their home for the purpose of fully carrying out their intent. Such second paragraph is not more than a denial of these averments.

There is no evidence that is admissible under such second paragraph of answer that would not be admissible under the general denial which is pleaded. Error, if any, in overruling the demurrer was therefore harmless. *Waters* v. *Delagrange* (1915), 183 Ind. 497, 109 N. E. 758; *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 93 N. E. 872; *State, ex rel.* v. *Daly* (1911), 175 Ind. 108, 93 N. E. 539.

Appellant has assigned as a reason for a new trial that the evidence was insufficient to sustain the verdict, but after rejecting all of the evidence offered by appellee which appellant has denied in rebuttal, there is still ample evidence uncontradicted to warrant the jury in finding against the appellant on the allegations in her complaint.

Appellant has complained of certain instructions that were given, but as under the evidence they could not have influenced the jury in its verdict, we do not 2. discuss the alleged errors. It appearing to the court that the merits of the cause have been fairly tried, intervening errors, if any, cannot prevail. §700 Burns 1914, §658 R. S. 1881.

The judgment is affirmed.