NEEVES, Appellant, vs. Boos and another, Respondents,
GREGORY, Appellant, and others.

*October 18 — November 7, 1893.*

*Receivers: Order directing foreclosure of mortgage: Discretion: Regu-
larity of appointment: Collateral impeachment.*

1. Plaintiff had purchased land from defendant G. and given back a
mortgage securing notes for a part of the purchase price. Defend-
ant B. claimed to own said notes and mortgage, and had got pos-
session thereof and pledged them to defendant C. Defendant G.,
the payee, also claimed them. Plaintiff, in his complaint, offered
to perform all the conditions of the notes and mortgage, and asked
for the appointment of a receiver thereof, with power to receive
payments, and that defendants interplead for the determination of
their rights. The complaint also alleged false representations as to
the land by G., and asked damages therefor and that the notes and
mortgage be canceled down accordingly. The receiver was ap-
pointed as prayed. Afterwards, plaintiff having failed to make
payments as they became due, an order was made directing the
receiver to foreclose the mortgage unless plaintiff should pay the
amount due within twenty days. On appeal by plaintiff and de-
fendant G.. such order is *held* not an abuse of discretion.
2. The regularity of the appointment of the receiver could not be ques-
tioned on the appeal from the order directing him to foreclose the
mortgage.

APPEAL from the Circuit Court for *Milwaukee* County.
It appears from the pleadings in this action that the
plaintiff, *William B. Neeves,* on the 29th of September,
1890, purchased of the defendant *Gregory* a large number
of lots in Hyde Park in the town of Wauwatosa, near the
city of Milwaukee, for $30,000, and received a warranty
deed of them, and for the unpaid portion of the purchase
money he executed to the defendant *Gregory* his five prom-
issory notes in the aggregate of $22,500, secured by a mort-
gage on the same premises and payable, with interest, at
various periods. The first note was paid January 1, 1892,
and a second one matured January 1, 1893, as well as the

annual interest on $18,500 on the 1st day of October, 1892, which note and said interest remain unpaid.

The plaintiff, in his complaint, states that the defendant *Gregory* claims to be the owner of the notes and mortgage, and that the defendants *Imre Boos* and the *Commercial Bank of Milwaukee* also claim the same, and the said bank has possession of them, indorsed in blank by said *Gregory*, by one Luscomb as his agent; that *Gregory* has forbidden him to make payment of the same to any other person than himself, except so much as might be necessary to extinguish a debt of one Luscomb of about $7,000, for security of payment of which to one Levinson said notes had been hypothecated; that *Boos* and the *Commercial Bank* had knowledge that said notes belonged, subject as aforesaid, to said *Gregory;* that *Gregory* claims payment of the notes, and so also do *Boos* and the said bank, and the plaintiff claims that, on account of the conflicting claims of the parties, he fears they will be transferred by either *Boos* or the bank to some *bona fide* purchaser without notice of the claims of the respective parties.

The plaintiff claimed damages by reason of certain false representations made to him at the time of the sale by *Gregory*, to the effect that certain streets marked on the plat of said premises, and staked out, had been dedicated to public use as streets throughout their entire length and breadth as thus indicated; that six certain lots had been graded as and for a street, and dedicated by the said *Gregory* for that purpose, subject only to a right of way of a certain motor company for the purpose of operating its railway and maintaining its track or tracks, and this way over the lots furnished the only practical means of access to and egress from the premises so purchased by him of said *Gregory;* that in violation of such representations, and in fraud of the plaintiff's rights, he conveyed said lots to said motor company in fee, excepting no easement over the

same to the plaintiff or the public, and the motor company refused to recognize any such easement, and excluded the plaintiff from passage over said lots, whereby he was obliged to purchase said lots from said motor company at an expense of $3,000, and was in all damaged by reason of the premises in the sum of $5,000, and he claimed an abatement or deduction from said notes and mortgage of that sum, and alleged that *Gregory* was not a resident of the state of Wisconsin, but it was not claimed that he was insolvent.

The plaintiff asked judgment for the appointment of a receiver of the notes and mortgage, with power to receive payments thereon according to the terms thereof, and with power generally to carry out and effectuate the terms of the mortgage on the part of the mortgagee named therein to be performed; that the defendants transfer to the receiver all their rights in and to the same, and that they interplead for the determination of their rights in the premises, and that the plaintiff be permitted to pay into court the amount then due for interest on said notes and mortgage; that the damages of the plaintiff by reason of the wrongful acts and representations of the defendant *Gregory* be assessed and determined and the notes and mortgage be canceled down in the amount of such damages when so ascertained, and for other and general relief. Plaintiff offered in his complaint to perform any and all the conditions of the notes and mortgage, and to bring into court the sum of $1,110, then due as interest, for the benefit of the person or persons entitled thereto.

The defendant *Boos* sets up a claim to the sole and exclusive ownership of the notes and mortgage; that they were made in the name of the defendant *Gregory* for the convenience of *Boos;* that *Gregory* had no interest in them, but took the same in his name, under an agreement made through one Luscomb to hold the same solely for the ben-

efit of *Boos*, and that he, *Boos*, afterwards acquired posses-
sion of the notes, and pledged and hypothecated them to
the defendant *Commercial Bank*. The bank set up its
claim as a *bona fide* assignee of the notes and mortgage as
security for a loan to *Boos* of $10,000, by assignment from
the said *Gregory* as well as the said Luscomb. The defend-
ant *Gregory*, answering, among other things admitted the
claim of the plaintiff to have a rebate allowed him, by rea-
son of the sale of the lots to the motor company and the
representations in regard to other streets, in the amount
of $3,000, but not admitting any fraud or misrepresenta-
tion on his part in making the sale, and set up at length
the particulars of the controversy between himself and
*Boos* in regard to the ownership of the notes and mortgage.

A receiver was appointed by the court, as prayed by the
plaintiff; and, $3,500 having afterwards become due on the
mortgage, upon proof that the receiver had called upon
the plaintiff for payment of it, but he had failed to pay the
same or any part of it, application was made, upon affida-
vits to that effect and the record in the action, for an order
authorizing and directing suit to be brought by the receiver
for the foreclosure of the mortgage mentioned in the plead-
ings, on the hearing of which motion affidavits of George A.
Neeves and S. S. Barney were read, the latter being the
counsel of the defendant *Gregory*, as well as affidavits
of witnesses, to the effect that the mortgaged premises
were worth over $50,000. The court made an order ac-
cordingly, unless within twenty days from its date the
plaintiff should pay all sums due upon said notes and mort-
gage. Both the plaintiff and the defendant *Henry Edson
Gregory* appealed from the order.

For the appellant *Neeves* there was a brief by *C. W.
Briggs;* for the appellant *Gregory* there was a brief by
*Barney & Kuechenmeister;* and the cause was argued orally
by *Mr. Briggs.* They contended that the order directing

the foreclosure of the mortgage should not have been granted, for the reason, among others, that all the questions in controversy would have to be litigated in a foreclosure action, and could be settled much sooner and at less expense in this action; also because of the great uncertainty as to whether there was anything equitably due upon the notes and mortgage, the uncertainty of the establishment by *Boos* of the claim of ownership, the concession by *Gregory* that a scaling down of $3,000 would be just and equitable, and the protest of *Gregory* against the making of the order, and because *Gregory* had not been served with process, nor had he appeared in the action, at the time the receiver was appointed.

For the respondents there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas;* also a brief by *Glenway Maxon* for the respondent *Commercial Bank;* and the cause was argued orally by *F. C. Winkler* and *Mr. Maxon.*

PINNEY, J.    1. The plaintiff has secured the appointment of a receiver, who, as such, is an officer of the court, exercising his functions for the common benefit of all the parties, and his custody and control is the custody and control of the court for their benefit and subject to its orders and directions.    The order appealed from is plainly a discretionary one, and will not be reversed unless the court in making it has abused its discretion.    We think, in view of the circumstances and the frame and purpose of the action, that the court was fully justified in making the order.    It is evident that the action and complaint in it are not framed so that a judgment can be given foreclosing the mortgage, and the action is not, therefore, calculated to do entire justice to all the parties; for, after the expense and delay of this action, whatever its result may be, the owner will have been prevented from foreclosing his mortgage in the mean time by reason of the receivership, and in the end

will be subjected to the delay and expense of another action for that purpose. The plaintiff, so far from paying into court the money admitted to be due on the mortgage for interest, has also failed to respond to the receiver's demand of payment of the $3,500, the principal sum of one of the notes, which became due January 1, 1893. The order appointing the receiver, obtained by the plaintiff, provides "that the receiver collect the sums due or that may fall due upon the said notes and mortgage from time to time, and account therefor;" and the order directing the receiver to foreclose the mortgage unless the plaintiff should pay the amount due on it within twenty days is certainly no hardship to the plaintiff, for he can assert in such action, by way of defense or counterclaim, all his rights in the premises, and the rights of the different claimants may also be adjudicated. It is said that *Gregory* does not want the mortgage foreclosed. In this respect the plaintiff entirely agrees with him, but the matter has been placed by the receivership under the control of the court for the benefit of all the parties in interest, and neither the plaintiff nor the defendant *Gregory* has the right to dictate in the premises. We do not think that in point of discretion the order appealed from is fairly subject to criticism.

2. It is said that the order appointing the receiver was made without notice to the defendant *Gregory*. The order would not on that account be void, but merely erroneous and subject to be set aside on application to the court; and if the court improperly denied the application an appeal would lie. *Gibson v. Martin*, 8 Paige, 481. The defendant *Gregory* appeared and answered before the order directing the receiver to sue was made, and was heard in opposition to it, but has taken no steps to vacate or avoid the order appointing the receiver. The regularity of the receiver's appointment cannot be collaterally questioned, but must be impeached, if at all, in a direct proceeding for that pur-

pose.   In a suit by the receiver in relation to matters connected with his trust, the order of appointment will be conclusive.   High, Receivers, § 203;  *Vermont & C. R. Co. v. V. C. R. Co.* 46 Vt. 792; *Attorney General v. Guardian Mut. L. Ins. Co.* 77 N. Y. 272.

For these reasons we hold that the order of the circuit court must be affirmed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is ordered accordingly.