## C. W. CARTER v. THE ÆTNA LIFE INSURANCE COMPANY.

### No. 15,120.   (91 Pac. 178.)

#### SYLLABUS BY THE COURT.

1. INDEMNITY INSURANCE—*Liability to Injured Employees—Right of Action—Parties.* A policy insuring an employer against loss from liability for injuries to employees of the assured which contains a stipulation that "no action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment, and after trial of the issue," is a contract of indemnity for the benefit of the assured, and there is no right of action thereon against the insurance company until the assured sustains a loss by the payment of a liability.

2. ―――― *Employee Not Entitled to Sue the Insurer on a Judgment against the Insured.* The policy provided that if an action was brought against the assured by an injured employee the insurance company might defend the action in behalf of the assured, and in an action brought by an employee to recover damages in which a judgment was rendered

against the assured the insurance company assumed to, and did, make a defense against the employee's claim. *Held,* that the employee could not maintain an action upon the judgment against the insurance company, and the fact that the insurance company did make a defense against the employee's claim did not estop it from denying liability to the employee.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed July 5, 1907. Affirmed.

*Adams & Adams, M. C. Freerks,* and *George W. Freerks,* for plaintiff in error.

*E. G. Anderson,* and *Stanley, Vermilion & Evans,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The principal question involved in this litigation is the meaning and effect of an employer's liability policy. It arises on a demurrer to the plaintiff's petition, in which it is averred that the Ætna Life Insurance Company issued a policy to the Wichita Bridge Company agreeing to indemnify the bridge company "against loss from common-law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy by any employee or employees of the assured." The policy contained stipulations that in case of accidents to employees the assured should notify the insurance company, and if an action for damages was brought against the assured for injuries to employees the summons and other processes served upon it should be sent at once to the insurance company, that company to defend against the proceeding in the name of the assured. . It was also provided that "no action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judg-

ment within sixty days from the date of such judgment, and after trial of the issue."

While the policy was in force C. W. Carter, an employee of the bridge company, was injured, and within a few days he brought an action against that company to recover for the negligent injury. The insurance company was notified of the injury, and also of the commencement of the action, and it at once assumed control of the defense against the claim and its attorneys tried the case in behalf of the bridge company, the result being a judgment in favor of Carter against the bridge company for $1000. While that action was pending, and before judgment was rendered, the bridge company was adjudged a bankrupt and its assets were seized and administered in that proceeding, with the result that the bridge company is now insolvent and without assets of any kind. Carter did not participate in the bankruptcy proceedings, and he alleges that the answer and defense made by the insurance company prevented him from securing payment of his claim and sharing in the distribution of that estate. He therefore prays that the insurance company be adjudged to pay his judgment against the bridge company and the further sum of $350 as attorney's fees expended in the prosecution of the action. The trial court rightly held that no cause of action is stated in his petition and gave judgment for the defendant.

The liability of the insurance company under the policy must be measured by its terms. It will be observed that the contract of the insurance company was with the bridge company, and not with the employees. The contract was indemnity against loss from liability, and not insurance against liability. In its general features it provided for making good the loss suffered by the assured, or rather for reimbursing it to the extent of its loss. Until the assured had met with a loss there was no occasion to pay indemnity—no reason to reimburse until something had been paid by

the assured. Aside from the fact that in its general characteristics the contract was one of indemnity, it contained the specific provision that no recovery could be had against the insurance company under the policy unless the action was brought by the bridge company itself to reimburse it for the loss actually sustained and paid in satisfaction of a judgment. This provision leaves no doubt of the intention of the parties, which was that the insurance company was not required to pay anything because of the policy until losses had been paid by the assured in satisfaction of a judgment. It is a provision which the parties had a right to insert in their contract. The obligations of the policy did not extend beyond the two contracting parties. The bridge company, on the one hand, was procuring indemnity to protect itself from loss, and the insurance company, on the other, was undertaking to make good the losses which the bridge company should be compelled to pay; and as an assurance that these losses should not be excessive it reserved the right to go into court and resist the claims presented against the assured. A similar contract was involved in the case of *Frye v. Gas & Electric Co.*, 97 Me. 241, and in the head-note to the case, as reported in 59 L. R. A. 444, it is stated that such a contract "does not inure to the benefit of an injured employee so that he can enforce payment of it in case the employer becomes insolvent and makes an assignment for creditors before he receives his judgment, so that the judgment cannot be enforced—especially where the contract provides that no action shall lie against the insurer, as respects any loss under the policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

(See, also, *Allen v. Gilman, M'Neil & Co.*, 137 Fed. 136; *Cushman v. Fuel Co.*, 122 Iowa, 656, 98 N. W. 509; *Connolly v. Bolster*, 187 Mass. 266, 72 N. E. 981; *Allen v. Ætna Life Ins. Co.*, 145 Fed. 881, 76 C. C. A.

265; *Texas Short Line Railway Co. v. Waymire,* [Tex.] 89 S. W. 452; *Bain v. Atkins,* 181 Mass. 240, 63 N. E. 414, 57 L. R. A. 791, 92 Am. St. Rep. 411; *Finley v. Casualty Co.,* 113 Tenn. 592, 83 S. W. 2; *Travellers Insurance Co. v. Moses,* 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663.)

This case is quite unlike those based on policies agreeing to pay damages for which the assured may become liable. The distinction is well stated in one of the cases cited by plaintiff, in these words:

"The difference between a contract of indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and a recovery had until the liability is discharged, whereas upon the latter the cause of action is complete when the liability attaches." (*American Employers' &c. Ins. Co. v. Fordyce,* 62 Ark. 562, 36 S. W. 1051, 54 Am. St. Rep. 305.)

Most of the cases cited by plaintiff rest on contracts insuring against liability, some are affected to some extent by statutory provisions, and one, *Sanders v. Insurance Co.,* 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688, appears to be out of line with the current of authority.

The fact that the insurance company made the defense for the bridge company against plaintiff's claim for damages does not estop it from denying liability under its contract. The right to defend was specifically given by the contract, and this burden was assumed for the reason that the award to be made in the proceeding might ultimately be the measure of its own liability. To defend the action in behalf of the assured was in no sense an agreement to pay the plaintiff's judgment, and could not have misled the plaintiff. (*Connolly v. Bolster,* 187 Mass. 266, 72 N. E. 981.)

The judgment is affirmed.