STENBOM vs. BROWN-CORLISS ENGINE COMPANY, Respondent, and RICHARDS, Receiver, Appellant.

*January 6—January 26, 1909.*

*Indemnity insurance: Privity: Right of action: Conditions precedent:* Bona fide *compliance.*

1. Under a policy of insurance indemnifying the defendant corporation against loss by reason of injuries suffered by its employees, of whom plaintiff was one, the policy providing, "No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself, to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment, and after trial of the issue," there is no privity of contract between the insurer and the employee, and the latter cannot reach the proceeds of such policy in an action brought directly against the insurer.

2. While there might be fulfilment of the condition precedent to the right to maintain an action on such policy by payment otherwise than in money, such payment must be made and accepted in good faith and there must be a *bona fide* settlement and satisfaction of the judgment secured by the injured employee.

3. Proceedings taken by the employee in attempting to subject such policy to his judgment secured against the defendant corporation, the corporation having been adjudged a bankrupt after the instant action had been brought, are *held* to have been a mere subterfuge resorted to for the purpose of making a nominal compliance with the terms of the insurance contract.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This action was brought to recover damages for a personal injury sustained on April 10, 1905, and on January 15, 1907, judgment was rendered in plaintiff's favor for $10,099.58. After the action was commenced and on November 14, 1905, the defendant was adjudicated a bankrupt and a receiver in bankruptcy was duly appointed. At the

time of plaintiff's injury the defendant held a liability policy of insurance which indemnified the holder against loss by reason of injuries suffered by an employee, in a sum not exceeding $5,000 for any one accident, and provided that the company would, at its own cost and expense, assume the defense of any action brought on account of such injury. Among other things the policy provided that it indemnified the holder "against loss from common-law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered within the period of this policy by any employee or employees of the assured while on duty at the places and in the occupations mentioned in the schedule hereinafter given." The policy further provided:

"No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself, to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment, and after trial of the issue."

It is conceded by the parties that the claim of the plaintiff could not be proved in the bankruptcy court before judgment thereon was obtained in the state court, and that at the time of the rendition of the judgment the time within which it might be filed as a claim in the bankruptcy proceedings had expired. Shortly after the rendition of the judgment in plaintiff's favor an execution was issued thereon and was returned unsatisfied, whereupon supplementary proceedings were instituted and a receiver of said defendant as judgment debtor was appointed by a circuit court commissioner. On February 9, 1907, such receiver filed a petition in the bankruptcy court, praying that the trustee in bankruptcy should be ordered to assign and turn over to such receiver the aforesaid indemnity policy, which petition was granted. Thereafter demand for payment was made upon the insurer

by the receiver, which demand was not complied with.    On February 19th the receiver filed a petition in the circuit court, alleging, among other things, that the plaintiff was ready and willing to compromise and settle his claim for $5,000, and would accept the receiver's promissory note for such sum in settlement and satisfaction of the judgment. Upon the filing of such petition the court made an *ex parte* order directing the receiver to execute a demand, promissory, judgment note to the plaintiff in settlement of such judgment and authorizing the receiver to commence suit on the policy of insurance.    The note was executed and delivered to plaintiff and he satisfied his judgment, whereupon the receiver commenced an action against the insurance company to collect the amount alleged to be due upon the policy. After such action was commenced the *Brown-Corliss Engine Company* moved for an order vacating and setting aside the *ex parte* order authorizing the settlement and the execution of the promissory note and the commencement of the action against the insurance company.    This motion was granted, and from the order granting the same the receiver prosecutes this appeal.    The error assigned is that the court erred in making such order.

For the appellant there was a brief by *Rubin & Zabel* and *Wallace J. Ingalls*, attorneys, and *W. B. Rubin*, of counsel, and oral argument by *Mr. Rubin* and *Mr. Ingalls*.

For the respondent there was a brief by *Charles A. Vilas*, attorney, and *Robert N. McMynn*, of counsel, and oral argument by *Mr. McMynn*.

BARNES, J.    The authorities seem to be quite uniform to the effect that, under a policy of indemnity insurance such as that here involved, there is no privity of contract between the insurer and the employee, and the latter cannot reach the proceeds of such policy, at least in an action brought directly against the insurer.    *Allen v. Ætna L. Ins. Co.* 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. N. s. 958; *Connolly*

*v. Bolster,* 187 Mass. 266, 72 N. E. 981; *O'Connell v. N. Y., N. H. & H. R. Co.* 187 Mass. 272, 72 N. E. 979; *Carter v. Ætna L. Ins. Co.* 76 Kan. 275, 91 Pac. 178, 11 L. R. A. N. S. 1155; *Cushman v. Carbondale F. Co.* 122 Iowa, 656, 98 N. W. 509; *Beyer v. International A. Co.* 115 App. Div. 853, 101 N. Y. Supp. 83; *Frye v. Bath G. & E. Co.* 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444; *Allen v. Gilman,* 137 Fed. 136.

No good reason is apparent why the payment which the contract obligates the assured to make as a condition precedent to his right to maintain action upon the policy might not be made otherwise than in money, provided such payment is made and accepted in good faith and there is a *bona fide* settlement and satisfaction of the judgment secured by the injured employee. *Kennedy v. Fidelity & C. Co.* 100 Minn. 1, 110 N. W. 97. Neither do we attach any particular significance to the fact that the suit is brought by a receiver instead of in the name of the beneficiary designated in the policy. *Travellers Ins. Co. v. Moses,* 63 N. J. Eq. 260, 49 Atl. 720.

The receiver here was not appointed to administer the affairs of the insolvent corporation for the benefit of creditors generally, but was appointed in a proceeding supplementary to and in aid of an execution issued at the instance of a single creditor and for the sole purpose of collecting the judgment in this action. With the exception of the policy referred to, apparently all of the assets of the insolvent were turned over to the trustee in bankruptcy for the benefit of creditors having provable claims against it. The policy by its terms was of no value to the defendant herein, or to any one else, until the judgment of the plaintiff was satisfied.

Considering the purpose for which the receiver here was appointed, if he could pay the judgment by giving his note, and such note was received in satisfaction of the judgment, and it was satisfied, it would seem that the object for which he was appointed had been accomplished, and any further

proceeding on his part was unnecessary to discharge his legitimate functions. However this may be, the proceeding was certainly novel. On its face the action taken was a mere subterfuge resorted to for the purpose of making a nominal compliance with the terms of the insurance contract. The contract was one which the parties thereto had a right to make, and it would be trifling with its terms for a court to hold that the shadowy payment here attempted to be made conformed to its requirements. There was no *bona fide* payment of the judgment. The fictitious payment resorted to is too thinly veiled to stand the test of judicial scrutiny.

It may well be doubted whether the defendant in this action had any right to complain of the *ex parte* order authorizing the giving of the note and the compromise of the judgment and the bringing of the action against the insurance company. Whether it had or not, it was clearly within the province of the court to set aside the former *ex parte* order as soon as attention was called to its indefensible character.

It is well settled that the matter of authorizing receivers to execute notes in proper cases, and of authorizing them to commence actions, rests in the sound discretion of the trial court, and that orders in reference to such matters made by such courts will be reversed only when there is an abuse of such discretion. *Neeves v. Boos,* 86 Wis. 313, 56 N. W. 909. The case might well be disposed of upon this rule of law; but lest a decision upon this point should be construed as intimating that the *ex parte* order of the trial court might be sustained if the trial court had refused to set it aside, we deemed it best to consider the question on its merits rather than to simply hold that there was no abuse of discretion in making the order appealed from.

*By the Court.*—Order affirmed.