254

## KUNTZ et al. v. SPENCE et al.
### No. 1705—6229.

Commission of Appeals of Texas, Section A.
Jan. 24, 1934.

T. R. Boone, E. T. Duff, and Gladys Reed, all of Wichita Falls, for plaintiffs in error.

Davenport & Crain, C. C. McDonald, W. E. Fitzgerald, and Robert K. Crain, all of Wichita Falls, for defendants in error.

CRITZ, Judge.

This suit was filed in the district court of Wichita county, Tex., by Sam B. Spence and wife, against J. Earl Kuntz and wife, and Employers' Casualty Company, a corporation, to recover damages for the death of Toy Spence, minor child of the Spences, alleged to have resulted from the negligent operation of an automobile by Mrs. Kuntz, and which belonged to the Kuntzes. The basis of the action against the Kuntzes is for tort. The casualty company is attempted to be held on an insurance policy issued by it to J. Earl Kuntz covering the car in question here. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for the Spences against all defendants. On appeal this judgment was affirmed by the Court of Civil Appeals. 48 S.W.(2d) 413. The Kuntzes and the casualty company bring error.

The insurance policy contained, among others, the following provision:

"Agreement 'A'

"Bodily Injury Liability

"To pay all sums which the Assured shall become liable to pay as damages imposed upon him by law for bodily injury including death at any time resulting therefrom (herein called 'Bodily injury') accidentally sustained by any person or persons if caused by the ownership, maintenance or use of the automobile described in the Declarations for the purpose therein stated. The Company's limit of liability, regardless of the number of Assured, as respects each automobile described, for bodily injury to or death of one person, shall be as first set forth in Item 1, Paragraph C, of the Declarations and subject to that limit for each person its total liability on account of any one accident resulting in bodily injury to or death of more than one person, shall be as second set forth in said Item."

"Agreement B," and many other provisions of the policy are not material to this opinion. Other parts of the policy which are pertinent to this opinion read as follows:

"In connection with agreements A and B the company further agrees:

"(a) To investigate and defend in the name and on behalf of the Assured any suit seek-

ing damages for such bodily injury or property damage even if such suit is groundless, false or fraudulent.

"Determination of Company's Liability for Accident.

"(3) No recovery against the company shall be had under agreements A or B until the amount of loss or expense shall have been determined, either by final judgment against the Assured after actual trial in an action defended by the Company or by a written agreement of the Assured, the claimant, and the Company, nor in either event unless suit is instituted within the time herein limited.

"Notice of Accident under agreements A and B.

"(10) In the event of accident covered under agreements A and B of this policy, written notice shall be given, by or on behalf of the Assured, to the Company or to any of its authorized agents as soon as is reasonably possible thereafter, irrespective of whether or not any injury or damage is apparent at the time. Such notice should contain information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses. If such information is not reasonably obtainable, particulars sufficient to identify the Assured shall constitute notice. The Assured shall keep the Company advised respecting further developments in the nature of claims or suits when and as they come to his knowledge. The Assured shall cooperate with the Company and, upon the Company's request shall assist in effecting settlement, securing evidence, and the attendance of witnesses, but the Assured shall not voluntarily make any payment, assume any obligation or incur any expense other than for immediate surgical relief, except at his own cost.

"Bankruptcy and Insolvency.

"(17) The bankruptcy or insolvency of the Assured shall not relieve the Company of liability under agreements A or B hereof. Any person, or his legal representatives, who shall obtain final judgment against the Assured because of any such bodily injury, or injury to or destruction of property, may proceed against the Company under the terms of this policy to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto. Nothing in this policy shall give to any person or persons claiming damages against the Assured any right of action against the Company except as in this paragraph provided. The Company reserves the right to settle any claim or suit, and to make such investigation or negotiation as may be deemed expedient by the Company."

At the proper time, and in due form, the Kuntzes and the casualty company filed and presented, in the trial court, separate pleas of misjoinder of parties and causes of action. These pleas were all overruled. On appeal by the Kuntzes and the casualty company this ruling of the trial court was sustained by the Court of Civil Appeals. This ruling of the Court of Civil Appeals is presented as error in this court by the Kuntzes and the casualty company by proper assignments.

As we understand its opinion, the Court of Civil Appeals bases its ruling that it was proper to join the Kuntzes and the casualty company in this suit on the theory that the insurance policy above mentioned is a contract of primary liability, and not one of mere indemnity. We think this ruling was error.

■■ We are aware of the fact that the general rule is that an insurance policy or contract which is merely one of indemnity, that is, which only binds the company to indemnify and save harmless the assured, will not form the basis of a cause of action against the insurance company by a person who has been injured by the negligent act of the insured. On the other hand, it is also the general rule that, where the policy creates a primary liability on the part of the insurance company in favor of any person who may be injured by the negligence of the insured, such injured person may sue the insurance company alone or join it in a suit against the insured. 5 Tex. Jur. pp. 661, 662, and authorities there cited.

■ In spite of either rule where the liability of the insurance company to the person injured rests solely on the insurance policy or contract, he must bring his suit within its terms before he can recover thereon. This is because the insurance company has committed no wrong against the injured party, and its liability is purely contractual.

■■ When we come to examine the insurance policy made the basis of this cause of action, we find that it contains what is known in legal parlance as a "no action clause." This clause is set out and quoted above under "Determination of Company's Liability for Accident (3)." Also this no action provision is carefully preserved where necessary throughout the policy. When the policy is read in the light of the "no action clause," contained therein, and as fully preserved throughout the contract, it does not bind the casualty company as for primary liability to an injured party so that it can be sued alone prior to a judgment against the insured, or sued with the insured before such judgment against him is obtained. On the other hand, it fully guards against such suit. If there is any reason why such provision in the contract should not be given effect, we are unable to think of it. Such provision violates no statute, and is certainly not against public policy. Ray v. Moxon (Tex. Civ. App.)

56 S.W.(2d) 469, 470, and authorities there cited. Furthermore, it is certainly very important to the insurance company that it be not sued with the insured. In this respect we judicially know that juries are much more apt to return a verdict for the injured party, and for a larger amount, if they know the loss is to ultimately fall on an insurance company.

In the case of Ray v. Moxon, supra, Judge Martin of the Court of Civil Appeals at Amarillo has exhaustively reviewed and discussed the authorities touching the question here involved. We are unable to improve on that opinion, and therefore here take the liberty to quote and adopt the following therefrom:

" 'Right of Recovery, Time Limit. No Action shall lie against the Company to recover any loss or expense under Section One of the Schedule of Perils unless the Assured shall have fully complied with all the requirements hereof and unless such action shall be brought by the Assured or his heirs or legal representatives for loss and/or expense actually sustained and paid in money by the Assured after the amount thereof shall have been fixed and rendered certain, either by final judgment against the Assured after actual trial of the issue or by agreement between the parties with the written consent of the company. * * *'

"The last clause above quoted has come to be known in judicial parlance as a 'no action clause,' and will be frequently referred to in this opinion.

"As supporting his contention that this policy gives a direct right of action against the insurer and creates primary liability, plaintiff cites, among others, the following authorities: Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, 425; American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662.

"In the Longoria Case, supra, the terms of the policy are not set out, their substance and legal effect only being stated. Among these we note the following: 'So it appears that the assured does not have to pay the judgment first and then sue the insurance company for reimbursement; but the insurance company agrees "to pay and satisfy judgments rendered against the assured" in the first instance. * * * The policy clearly contemplates and provides that the payment will be made by the insurance company directly to the injured party.'

"If the policy under discussion in this case contained a 'no action clause,' it was not so stated. This difference constitutes one of the chief distinctions between the above case and the instant one. We have examined with care all authorities cited in support of the above case, and their facts are so radically different from those under consideration that an obvious distinction is made apparent by their mere recital. For example, the case of American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, is there cited and appears to have been given controlling effect. The facts of the Struwe Case are set out and discussed at length in the later case of American Automobile Insurance Co. v. Cone (Tex. Civ. App.) 257 S. W. 961, 963. From it we quote:

" 'There has been furnished to us, and which was used in the oral argument herein, a certified copy of the ordinance and the bond or policy in the Struwe Case, supra, as taken from the record therein. From these it appears that the ordinance provided for the licensing of certain public service automobiles and requiring that they give bond, payable to the mayor of San Antonio and his successors in office, "for the benefit of every person injured * * * or will well and truly pay directly to any such person * * * any amount * * * that may be awarded by final judgment * * * against such licensee on account of any such injury," not exceeding a certain amount. The bond or policy refers to the above-mentioned ordinance and in terms obligated the insurance company "to pay directly to any person so injured * * * any amount or amounts which may be awarded by any final judgment * * * on account of such injuries against the assured herein," not exceeding a certain amount, and also provided that—

" ' "This policy shall operate for the benefit of any persons injured in person or property, as specified in the ordinances of the city of San Antonio, Texas, above recited; and all such persons shall be considered and are beneficiaries under this contract; and may institute and maintain suit, prosecute and enforce judgment under this policy in their own names and for their own benefit, as if they were actual parties hereto." '

"We would have here an entirely different question if in this case the insurance company had contracted directly, as in the Struwe and Longoria Cases, supra, to pay directly to the injured party so as to make it primarily liable. Such, however, is not our case, as will be readily apparent from reading the terms of the policy above set out. To hold, in the face of the 'no action clause' above quoted, that such policy gives a direct right of action by the injured party before judgment against the assured, would be to abrogate the terms of a contract in favor of a stranger to it and who was clearly not a beneficiary under it. We know of no reason why two parties cannot make a contract of the character above quoted. It violates no statute, it is not against public policy, and if the two parties who made it are satisfied

with its terms, what right has a court to intrude itself into their affairs and make a new contract for them, as would be the case if we followed the construction claimed by plaintiff? The contract in question is not under attack here by either of the parties who made it. Under its plain terms no action can be maintained upon it except upon the conditions named therein, none of which are present here. Whether the assured would have to actually pay any judgment rendered against him before having a right to sue on the policy is not before us, but such a question has furnished the subject-matter of an interesting opinion by our Supreme Court in the case of American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633. See, also, Kipkey v. Casualty Association of America, 255 Mich. 408, 238 N. W. 239.

"None of the cases cited by plaintiff supports his view. The Monzingo v. Jones Case, supra, construes a policy required by law to be taken out by motorbus operators and by statute is required to be so written as to give the injured party an affirmative right of action thereon. That such a holding would furnish no precedent for the action of the trial court in this case is too plain for argument.

"We turn now to a consideration of the reasons and of the cases which in our opinion tend to support our view that the policy in question did not make the insurer herein primarily liable to the plaintiff and that its joinder in this suit was improper.

"Let us examine for a moment the nature of the policy in question, which has been made the depository of all contractual obligations entered into between the assured and the insurer with respect to the subject-matter under discussion. Neither in purpose or by express terms was such contract made for the benefit of plaintiff. Plainly it was made to protect Ray against happenings which might prove disastrous to his business or property. The consideration for the contract was paid by him; its promises run to him alone and were for his benefit only. The policy was his property. The plaintiff was not a party thereto and should not now be allowed to assert rights under it unless by its terms, express or implied, the original parties so intended. No such right is expressly given, and it seems to us by necessary implication is denied him by the stipulation that no cause of action can be brought thereon except upon the contingencies and subject to the conditions quoted in the 'no action clause' above set out. The insurer did not assume towards the plaintiff in its contract the place of a primary debtor. It had the undoubted legal right to annex to its promises any conditions that did not run counter to some rule of law which made them void. The general provisions of this policy might be interpreted as indemnifying against liability rather than loss, but its specific provisions show apparently as plainly as human language can make them that it was written for the benefit of the assured and him only to indemnify him against loss.

"The case of American Automobile Insurance Co. v. Cone (Tex. Civ. App.) 257 S. W. 961, 963, in its facts, closely parallels the instant case and fully supports our conclusion. A comparison of this case with the Struwe Case, supra, will sufficiently illustrate to the investigator the difference between a policy of indemnity against actual loss and one of indemnity against mere liability for loss, and between one made only for the benefit of the assured and one upon which a third party may sue directly. In the Cone Case, supra, a 'no action clause,' as in this case was one of the stipulations of the policy. We quote from this case: 'The policy is a contract of indemnity against loss and expense, as distinguished from a policy indemnifying against liability for loss or expense, and in such policies as this it has been generally held that liability of the insurance company does not attach until the assured has actually sustained and paid the loss after judgment rendered therefor; whereas, in policies indemnifying against liability for loss, liability attaches as soon as the assured becomes potentially liable for a loss by reason of the happening of some event covered by the policy which has created possible liability against the assured, and that compliance with its terms under the character of policy here involved, as to payment of the loss after judgment, is made a condition precedent to any right of action on the policy, and that no right of action upon the policy exists in favor of an injured person, and that this is so held regardless of whether the assured is or has become insolvent since the accident or before or after judgment has been obtained against the assured by the injured person. Texas Short Line Ry. v. Waymire (Tex. Civ. App.) 89 S. W. 452; Owens v. Jackson Hinton Gin Co. (Tex. Civ. App.) 217 S. W. 762; Young v. State Bank of Marshall, 54 Tex. Civ. App. 206, 117 S. W. 476; Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924, and note; Clark v. Bonsal & Co., 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191; Embler v. Hartford, etc., Co., 158 N. Y. 431, 53 N. E. 212, 44 L. R. A. 512; Carter v. Ætna Life Ins. Co., 76 Kan. 275, 91 P. 178, 11 L. R. A. (N. S.) 1155; Travelers' Ins. Co. v. Moses, 63 N. J. Eq. 260, 49 A. 720, 92 Am. St. Rep. 663; Puget Sound, etc., Co. v. Frankfort, etc., Co., 52 Wash. 124, 100 P. 190; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 P. 69; Bain v. Atkins, 181 Mass. 240, 63 N. E. 414, 57 L. R. A. 791, 92 Am. St. Rep. 411; Frye v. Bath, etc., Co., 97 Me. 241, 54 A. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Allen v. Ætna Life Ins. Co., 145 F. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958, and note.'

"We again call attention to the fact that plaintiff Moxon was not a party to this policy. Neither by express stipulations therein, nor by the use of language necessarily implying such, is he a beneficiary. Could Ray, the assured, have originally maintained suit against the insurer under this policy and collected a judgment upon allegations of the facts pleaded by plaintiff and before any judgment was ever rendered against him determinative of liability and the extent of the damages? We think not. This, for one reason, because the policy itself requires the existence of a final judgment against the assured or an agreement, to which the insurer was a party, so as to have determined the intrinsic character of the happening and the amount of damages as a condition precedent to his right to sue. Would a stranger to the contract then be given a right inhibited by it expressly to the very party who made it? The recovery of a judgment is the manner provided in the contract by which the insured proves to the insurer that the occurrences relied upon by the injured party were covered by the policy and the extent of the damages. It is the mode provided for establishing liability and loss. It is the judicial ascertainment of the facts which give rise to liability. Thence forward after the rendition of such a judgment, the mouth of the insured is closed by his contract as to the existence of the happenings therein adjudicated and the resultant damages. To have these questions definitely determined in a suit between the original parties is undoubtedly a matter of some concern to the insurer, in consideration of which it could afford to issue a policy for a less consideration. If such an arrangement suits both parties to the contract and same is valid, certainly an appellate court is without authority to judicially nullify what they have plainly agreed upon.

"The case of Kuntz et al. v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413, not cited by plaintiff, is one of the Texas cases which we have found that tends to support his view. This case was cited and apparently followed in Thurman v. Chandler (Tex. Civ. App.) 52 S. W.(2d) 315, 320. The overwhelming weight of authority is, in our opinion, against the holding in the Kuntz Case. Its reasoning has been repeatedly rejected with almost practical unanimity throughout the United States, as will be later shown. As the result of such holdings, many states have enacted statutes giving the injured party a direct right of action against an indemnity insurance company in cases of the character under discussion.

"As typical of the holdings of the courts of other jurisdictions in construing a policy with clauses similar to those quoted above, we cite the following cases: Degnan v. Rhode Island Mut. Liability Ins. Co., 51 R. I. 366, 154 A. 912 [83 A. L. R. 671]; Small v. Morri-

son, 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135; Jacobs v. Casualty Co., 198 App. Div. 470, 191 N. Y. S. 692; Goodman v. Ins. Co., 189 Ala. 130, 66 So. 649; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; O'Connell v. Railway Co., 187 Mass. 272, 72 N. E. 979; Frye v. Gas & Elec. Co., 97 Me. 241, 54 A. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Eberlein v. Fidelity & Deposit Co., 164 Wis. 242, 159 N. W. 553; Stenbom v. Brown-Corliss Engine Co., 137 Wis. 564, 119 N. W. 308, 20 L. R. A. (N. S.) 956; Herbo-Phosa Co. v. Phil. Cas. Co., 34 R. I. 577, 84 A. 1093; Cushman v. Fuel Co., 122 Iowa, 657, 98 N. W. 509; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 P. 69; Luger v. Windell, 116 Wash. 375, 199 P. 760, 761, 37 A. L. R. 641; Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Allen v. Ætna Life Ins. Co., 145 F. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958.

"The Texas authorities are cited in the above quotation from the Cone Case."

We recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court for further proceedings in conformity with this opinion.

CURETON, Chief Justice.

The judgments of the Court of Civil Appeals and the district court are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.