**SUPERIOR INSURANCE COMPANY,**
Appellant,

v.

**E. J. KELLIHER et al., Appellees.**

No. 16156.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 3, 1961.

Rehearing Denied March 3, 1961.

Brown & Murray, Chas. J. Murray, Fort Worth, for appellant.

Spurlock, Schattman & Jacobs, Kenneth M. Cole, Jr., Denning Schattman, Fort Worth, for appellees.

BOYD, Justice.

Hollis G. Thom shot and seriously wounded E. J. Kelliher, and then drove his pickup truck twice over Kelliher's body. Kelliher sued Thom in the 153rd District Court for damages sustained by him on account of the shooting and his being run over by the truck. The amount sued for was $265,000. Later Kelliher filed an amended petition cutting down the requested recovery to $10,000, and asked for damages sustained only by reason of his being run over by the truck.

Superior Insurance Company had issued to Thom a policy of public liability insurance covering the truck, which policy purported not to cover assault and battery, and Thom called upon Superior to defend the suit and to pay any judgment which might be recovered against him. Superior then filed in the same court for a declaratory judgment, seeking a determination as to whether the occurrence was covered by the policy, and whether Superior was obligated to defend the suit filed by Kelliher, and to pay any judgment which Kelliher might recover against Thom within the policy limits. Kelliher and Thom were made defendants in the declaratory suit.

Kelliher filed a cross-action in the declaratory suit against Thom and Superior, asking for judgment up to the limits of the policy. Superior filed a motion to sever, excepted to the cross-action which claimed damages against it, and asked that the issues raised by the cross-action be severed and tried separately from the issues in the declaratory suit. The exceptions, motion to sever, and for separate trial were overruled.

Kelliher then filed a motion to consolidate his suit against Thom with the declaratory suit, and the motion was granted over Superior's objections.

The case was submitted to a jury which found that Thom was not guilty of an assault and battery upon Kelliher by reason of running over him with the truck; that Thom failed to keep a proper lookout, which failure was a proximate cause of Kelliher's being injured by the truck; and that Kelliher sustained damages in the amount of $5,000, which amount was the policy limit. The court decreed that the policy covered the occurrence, and judgment against Thom and Superior for $5,-000. Superior has appealed.

The policy contained the following provision: "No action shall lie against the company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." There was no such agreement, and the amount of the insured's obligation to pay had not been previously determined on a trial.

We think the court erred in permitting Kelliher to proceed against appellant in this suit. Kuntz v. Spence, Tex.Com.App., 67 S.W.2d 254; Ray v. Moxon, Tex.Civ. App., 56 S.W.2d 469; Cueller v. Moore, Tex.Civ.App., 55 S.W.2d 244; Bluth v. Neeson, 127 Tex. 462, 94 S.W.2d 407. In the first cited case the court said [67 S.W. 2d 255]: "When the policy is read in the light of the 'no action clause,' contained therein, and as fully preserved throughout the contract, it does not bind the casualty company as for primary liability to an injured party so that it can be sued alone prior to a judgment against the insured, or sued with the insured before such judgment against him is obtained. On the other hand, it fully guards against such suit. * * * Furthermore, it is certainly very important to the insurance company that it be not sued with the insured. In this respect we judicially know that juries are much more apt to return a verdict for the injured party, and for a larger

amount, if they know the loss is to ultimately fall on an insurance company."

By Rules 38(c), 51(b), and 97(f), Texas Rules of Civil Procedure, which provide for bringing in third parties, joinder of claims and remedies, and counter-claims and cross-actions, the joinder of a liability or indemnity company is expressly prohibited, unless such company is by contract or statute liable to the person injured or damaged.

We think that in this case Kelliher was permitted to do indirectly what he could not do directly, and that the court erred in not severing and trying separately the issues raised by the cross-action from those raised by the declaratory suit.

In his brief Kelliher contends that Rules 97(a), 174(a) and 174(b) authorize the procedure taken in this case. We cannot agree. Rule 97(a) provides that a counter-claim must be filed when not the subject of a pending action, which at the time of its filing the pleader has against the opposing party, if it arises out of the occurrence which is the subject matter of the opposing party's claim. We understood Kelliher's counsel to say in oral argument that he was not sure that the filing of his counter-claim was compulsory. At the time of filing, we think he had no claim against Superior.

Neither do we think that Rules 174(a) and 174(b) are applicable. They provide for joint hearing of suits involving a common question of law and fact, or for the consolidation of such actions; and in order to avoid prejudice the court may order a separate trial of any cross-claim or counter-claim. In our opinion, these Rules do not apply to a suit for declaratory judgment, such as this, and a counter-claim against a plaintiff where no cause of action has arisen against him.

The judgment is reversed and the cause remanded.

RENFRO, J., concurs and dissents.

MASSEY, C. J., dissents and concurs.

RENFRO, Justice (concurring in part, dissenting in part).

I agree with Justice BOYD that Superior was entitled to a separate trial on its suit for a declaratory judgment and that the judgment of the trial court should be reversed and remanded as to said suit. The judgment of Kelliher against Thom, however, should, in my opinion, be affirmed. I respectfully dissent from the majority holding which reverses that part of the trial court judgment.

MASSEY, Chief Justice (dissenting in part, concurring in part).

I cannot agree with Justices BOYD and RENFRO that the judgment of the trial court, as same pertains to the declaratory judgment feature, should be reversed and remanded. I would affirm the declaratory judgment. I do believe, however, that it would be proper to reverse the judgment in favor of Kelliher and against Thom and the Superior Insurance Company, based upon Kelliher's cause of action in tort against Thom and based upon the declaratory judgment establishing the Superior Insurance Company's liability under the policy of insurance.

It has been said that a declaratory judgment proceeding is *sui generis*. Its purpose in the instant proceeding was to establish whether the Superior Insurance Company was obligated under its policy on the automobile of Thom, under the peculiar circumstances of the case, to defend the tort action brought by Kelliher against Thom. Superior should not be penalized because of any failure to defend such a tort action until it became finally determined in the declaratory judgment proceeding that it was obligated by contract to conduct such a defense. By the very terms of the policy Thom was obligated, in the event of such defense by Superior, to render prescribed aid and assistance.

Circumstances presented by the trial of the tort action along with and in combination with the declaratory judgment action (truly an adversary proceeding between Thom and Superior Insurance Company), inhibited the cooperation in the tort action required to be rendered by Thom in aid of Superior in any defense of him in the tort action. Furthermore, until the issue in the declaratory judgment proceeding was resolved, Superior could not know that it had an obligation to defend Thom, and, should it have elected to try to do so, its efforts would only have been abortive of the entire ground upon which it sought to escape contractual liability. It is obvious from the record before us that Superior did not in any manner attempt to defend Thom from Kelliher in the proceedings of the trial court.

It is my opinion that the "negligent tort" suit should not legally be considered as having been tried, and that the attempted trial thereof along with the proceedings properly tried constituted an utterly void and purposeless activity. Furthermore, for the same reasons that judgments are to be reversed as to all defendants where liability is joint, and not joint and several or several only, and the appeal is by fewer than all of the jointly liable individuals, I am of the opinion that the judgment entered in the tort action should be reversed as against Thom and retried despite the fact that he did not individually appear in this court as an appellant. Furthermore, if Superior Insurance Company owed Thom a defense of the action in tort alleged against him,—and I believe we should affirm the declaratory judgment establishing such,—the bond of Superior operated to save him from the finality of the judgment in tort.

My belief and opinion,—that the declaratory judgment establishing that Superior is obligated under the policy of insurance to defend Thom should be affirmed and not retried,—is founded upon the premise that said Company has already been afforded full opportunity to litigate the question of its liability under the contract, and that the error of law on the part of the trial court in permitting the litigation of Kelliher's action for damages because of negligent tort was actually harmless error, not requiring reversal in view of the provisions of T.R.C.P. 434. In other words, I do not believe that the jury returned a verdict other than the verdict it would have returned had the error not occurred. No evidence of any consequence was introduced upon the trial other than the identical evidence which would have been introduced in any event. It seems to me that Thom has fairly won his case in the declaratory judgment proceedings and should not be forced to try it again.

I therefore respectfully dissent from the majority action which orders a retrial of the declaratory judgment action. I would affirm the judgment of the trial court as same pertains thereto, though I agree with Justice BOYD that the judgment in other respects should be reversed.